UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOUREDDINE ACHBANI,

*Plaintiff*,

v.

THOMAS D. HOMAN, *et al.*,

*Defendants.*

No. 3:17-cv-1512 (JBA)

October 20, 2017

**ORDER DISMISSING ACTION**

For the reasons that follow, the Court will dismiss Plaintiff's action without prejudice.

**I.     Background**

The Court assumes familiarity with the underlying facts and procedural history of this case, as set out in the Court's Order [Doc. # 22] Denying Plaintiff's Amended Motion for Preliminary Injunction.

On September 19, 2017, Plaintiff filed an Amended Complaint, [Doc. # 16], and an Amended Motion for Preliminary Injunction, [Doc. # 17].

On September 20, 2017, Defendants filed an Objection [Doc. # 20] to Plaintiff's Amended Motion for Preliminary Injunction, in which Defendants argued that Plaintiff's requested relief could not be granted for want of subject matter jurisdiction, *inter alia*, and requesting that Plaintiff's complaint be dismissed. After consideration of the parties' briefing and oral arguments at the September 22, 2017 hearing, the Court denied Plaintiff's Amended Motion for Preliminary Injunction, [Doc. # 22].

*Plaintiff's Amended Complaint*

Plaintiff's Amended Complaint names Defendants in both their official and individual capacities, and asserts five causes of action. [Doc. # 16]. Plaintiff brings one claim directly under the Due Process Clause of the Fifth Amendment to the United States Constitution, and four claims under the Administrative Procedure Act, for "Violation of the Immigration and Nationality Act[,]" Violation of the Due Process Clause of the Fifth Amendment, "Violation of Regulations[,]" and "Arbitrary and Capricious." *Id.*

*Notice of Intended Dismissal*

On October 2, 2017, the Court entered a Notice [Doc. # 23] stating that in light of the Court's Order on Plaintiff's Amended Motion for Preliminary Injunction, the Court intended to sua sponte dismiss Plaintiff's Complaint without prejudice, and that any objections should be filed by October 16, 2017. As of today, no objections have been filed by Plaintiff or any other party.

**II.     Discussion**

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As set out in the Court's Order [Doc. # 22] Denying Plaintiff's Amended Motion for Preliminary Injunction, the Court lacked subject matter jurisdiction to adjudicate Plaintiff's request for preliminary injunctive relief. Because the relief sought in Plaintiff's Amended Complaint is coterminous with the preliminary injunctive relief request that the Court has already determined it did not have subject matter jurisdiction to review, the Court now dismisses Plaintiff's action without prejudice.

*Subject Matter Jurisdiction*

By its terms, the REAL ID Act of 2005 provides that federal district courts lack subject matter jurisdiction to review orders of removal. 8 U.S.C. 1252(a)(5). The Second Circuit has interpreted the Act to strip federal district courts of subject matter jurisdiction to hear claims that

would "indirect[ly] challenge" an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). In *Delgado*, the Second Circuit upheld the district court's dismissal of a complaint for lack of jurisdiction where the plaintiff, who was subject to a reinstated expedited removal order, "brought [a] mandamus action to compel USCIS to make a determination on the merits of her I-212 application, alleging that USCIS denied her application in violation of the" APA, the Due Process Clause, and the Equal Protection Clause. *Id.* at 54. Under *Delgado*, "determining whether or not a court has jurisdiction over a suit brought against immigration authorities . . . 'will turn on the substance of the relief that a plaintiff is seeking.'" *Milardo v. Kerilikowske,* No. CV316MC00099VLB, 2016 WL 1305120, at *5 (D. Conn. Apr. 1, 2016) (quoting *Delgado*).

In his Amended Complaint, Plaintiff seeks (1) release from detention, (2) declaratory relief that his detention and planned removal are arbitrary and capricious, (3) attorneys' fees, and (4) other relief as the Court deems just, equitable, and appropriate. (Am. Compl. at 21). In his Amended Motion for Preliminary Injunction, Plaintiff seeks (1) release from detention, (2) cessation of removal, and (3) an injunction preventing Defendants from "taking actions that deprive the Plaintiff of the legal right to pursue his application for an unlawful presence waiver." [Doc. # 17].

In substance, Plaintiff's Amended Complaint seeks the same relief as his request for preliminary injunctive relief, in addition to seeking attorneys' fees and "other relief as the Court deems just, equitable, and appropriate." These ancillary requests for relief depend upon Plaintiff's substantive claims for relief, which the Court has already determined it does not have jurisdiction to adjudicate. Given the substance of the relief Plaintiff seeks in his Amended Complaint, the Court lacks subject matter jurisdiction under the reasoning of *Delgado*, 643 F.3d at 54, to entertain Plaintiff's action.

3

### III. Conclusion

Because the Court lacks subject matter jurisdiction to entertain Plaintiff's requested relief, Plaintiff's Amended Complaint [Doc. # 16] is dismissed without prejudice.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of October 2017.